### NEWMAN *v.* BAKER.

PRINCIPAL AND AGENT—PAYMENTS—EVIDENCE.

> Evidence reviewed, and *held* to show, without contradiction, that the bank to which defendants made payment for land purchased from plaintiff was acting as the latter's agent.

Error to Charlevoix; Chittenden, J., presiding. Submitted April 11, 1902. (Docket No. 77.) Decided June 17, 1902.

*Assumpsit* by Austin C. Newman against John S. Baker and Martha R. Baker to recover the purchase price of land. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Ira G. Mosher*, for appellant.
*Fitch & Fitch*, for appellees.

MONTGOMERY, J. This case involves no question of law. The facts, briefly stated, are that on November 3,

1898, the plaintiff sold to the defendants five acres of land in Charlevoix county. One Saltonstall held a mortgage on that land and other lands for $900. According to plaintiff's contention, the Bakers were to pay one-half of the interest on the mortgage until such time as they should pay the cash for the land. The defendants' testimony is to the effect that they were to pay one-half of one month's interest, and that this they have paid. At the time of the original negotiations, the defendants paid plaintiff $10 down. On the 13th of December, a deed was prepared and signed by the plaintiff. In the meantime the defendants had negotiated a loan, and prepared a mortgage running to Osborn, Mills & Master, of Kalamazoo, for $1,000. The parties met in the office of Judge Mayne, where the deed was prepared, and Mr. Baker, Judge Mayne, and the plaintiff then went to the bank of Mr. Buttars, where plaintiff says that he supposed the bank was the one to do the business, to pay the mortgage, distribute the money, and pay the balance to him; but he doesn't recall who mentioned going to the bank; that he does not know who paid the money that he was to receive into the bank, but had always understood that Judge Mayne passed in a $1,000 check. He then testifies that the Saltonstall mortgage and note were passed over to him; that he demanded $18, forgetting that he had received $10, and received $17 and 80 odd cents. Mr. Buttars testified that he paid him in all about $80, which would be substantially the amount coming to him. Judge Mayne testifies in corroboration of the testimony of Mr. Buttars. Plaintiff testifies that he afterwards went to the bank and inquired about the balance due, it having been left there by mistake; that the mistake occurred by his not recalling that he had paid the interest on the $900 note, and, as he testifies:

"The interest was already paid, and I left it there and didn't demand it, as I have already said.

" Q. Then your mistake was in paying the bank one year's interest that had already been paid ?

" A. Leaving it there and not demanding it at all, from the thousand dollars."

He further testifies that he demanded the $18 of the bank, "calculating to leave the interest on the whole note for a year there to pay Saltonstall." The testimony was undisputed that the Bakers did not receive the money from the bank.

The circuit judge was of the opinion that, under this showing, the plaintiff was not entitled to recover from the Bakers; that plaintiff had acquiesced in the payment of this money to the bank; had himself determined how much he was to receive, and how much was to be applied on his indebtedness to Saltonstall; and that, if any one was liable to him, it was the bank, whom he had, to a certain extent, made his agent to receive the money and apply it on the Saltonstall mortgage. We think this the correct inference from the testimony, and, as this is the only question presented by the record, the judgment will be affirmed, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.